**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────

**MICHAEL A. RACQUET, SR.,**

             **Plaintiff,**

      **vs.**
                                                6:10-CV-0175
                                                (NAM/GHL)

**NICHOLAS J. LOTITO, Individually and as a**
**New York State Trooper; JAMES F. DANQUER,**
**Individually and as a Deputy Sheriff of the County**
**of Oneida, New York; and THE COUNTY OF**
**ONEIDA, NEW YORK.**

             **Defendants.**

───────────────────────────────────────────

**APPEARANCES:**                                                **OF COUNSEL:**

The Golden Law Firm                                             B. Brooks Benson, Esq.
1412 Genesee Street
Utica, New York 13502
*Attorneys for Plaintiff*

Attorney General of the State of New York                       Roger W. Kinsey, Esq.
The Capitol
Albany, New York 12224
*Attorneys for Defendant/Lotito*

Gorman, Waskiewicz, Gorman and Schmitt                          Bartle J. Gorman, Esq.
1508 Genesee Street
Utica, New York 13502
*Attorneys for Defendants/Danquer and*
*The County of Oneida, New York*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

### INTRODUCTION

    Plaintiff Michael A. Racquet, Sr., ("plaintiff") alleges violations of 42 U.S.C. §§ 1983,

1985, 1986, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution arising from defendants' arrest of plaintiff on February 15, 2009. Specifically, plaintiff claims that defendants used excessive force and subjected plaintiff to false arrest and malicious prosecution. Plaintiff also asserts state law claims against defendants for assault and battery; false arrest/detention/imprisonment; malicious prosecution; and intentional infliction of emotional distress. The complaint also contains a cause of action pursuant to respondeat superior against the County of Oneida. Defendant Michael J. Lotito, ("Lotito") moves for dismissal of plaintiff's malicious prosecution and false arrest claims pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Dkt. No. 12).

## THE COMPLAINT[2]

At the relevant time, defendant Lotito was a New York State Trooper and defendant James F. Danquer ("Danquer") was a Deputy Sheriff with the County of Oneida, New York. Plaintiff resided at 3383 McConnellsville Road, Blossvale, New York. On February 15, 2009, at approximately 8:00 p.m., plaintiff called 911 to request that law enforcement remove plaintiff's son from plaintiff's home claiming that his son physically struck and threatened him. Lotito and Danquer arrived and spoke with plaintiff inside his home. Plaintiff claims that he repeatedly asked defendants to remove his son from the premises and defendants responded by yelling at plaintiff. Plaintiff claims that one of the defendants physically struck and beat him, "yanked" him through a door, dragged him outside and threw him on top of a broken chair. Plaintiff further alleges that Danquer "got on top of plaintiff's back" while plaintiff was on the ground and forced

---

[1] On July 2, 2010, counsel for defendant Danquer submitted a letter requesting that the court, "make its decision on the pending motion applicable to Danquer without the necessity of Danquer filing a motion". (Dkt. No. 16). On July 6, 2010, the Court denied Danquer's application and directed Danquer to file a separate motion. Danquer has not filed any further application or motion.

[2] In reviewing the complaint and plaintiff's submissions, the Court accepts as true all factual allegations and draws all reasonable inferences in plaintiff's favor for purposes of the pending motion. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).

plaintiff's arms behind his back.  Plaintiff claims he was handcuffed, sprayed with pepper spray, 'jerked" by the arms, slammed against his front door and thrown onto a porch chair.

Plaintiff was subsequently charged with resisting arrest in violation of New York State Penal Law § 205.30, obstructing governmental administration in the second degree in violation of New York State Penal Law § 195.05 and harassment in the second degree in violation of New York State Penal Law § 240.26.

On February 12, 2010, plaintiff filed a complaint asserting one federal cause of action and five state causes of action.  On May 20, 2010, plaintiff was found guilty in Vienna Town Court of resisting arrest and harassment in the second degree.[3]  On June 3, 2010, Lotito filed the within motion seeking dismissal of plaintiff's federal and state claims of false arrest and malicious prosecution.[4]  Plaintiff requests that the Court defer decision on defendant's motion pending the outcome of an appeal of his conviction. In the alternative, plaintiff requests that if the Court is inclined to grant defendant's motion, that the Court dismiss the malicious prosecution and false arrest claims without prejudice to plaintiff refiling after the disposition of the appeal.   Plaintiff also argues that the Court should retain and not dismiss the remaining state law causes of action.

## DISCUSSION

**I.     Standard on Rule 12(b)(6)**

In addressing defendant's motion to dismiss, the Court accepts as true all of the factual allegations in the complaint and draws inferences from those allegations in the light most favorable to plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *McEvoy v. Spencer*, 124

---

[3] Plaintiff's complaint was filed prior to plaintiff's conviction.  Plaintiff does not challenge that he was convicted in his submissions. *See* Pl. Resp. 2 (stating that plaintiff's conviction is under appeal).

[4] Defendant also moved for a protective order barring discovery pending the resolution of the within motion.  On August 2, 2010, the Court issued an Order denying defendant's request to stay discovery.  Defendant does not move for dismissal of plaintiff's Fourth Amendment/Excessive Force cause of action.

F.3d 92, 95 (2d Cir. 1997). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims". *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.").

## II. Substantive Legal Standard

Plaintiff bases his federal claims on 42 U.S.C. § 1983, which reads in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

The elements of plaintiff's § 1983 claims of false arrest and malicious prosecution are substantially identical to the elements of their state law counterparts. *Ortiz v. Henriquez*, 2001 WL 1029411, at *3 (S.D.N.Y. 2001). To establish a claim for false arrest, a plaintiff must demonstrate that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was

conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Prowisor v. Bon-Ton, Inc.*, 426 F.Supp.2d 165, 171 (S.D.N.Y. 2006). In order to prevail on a claim for malicious prosecution, a plaintiff must show: (1) the initiation and continuation of a criminal proceeding by the defendant against the plaintiff; (2) lack of probable cause for commencing the criminal proceeding; (3) actual malice; and (4) the termination of the proceeding in favor of the accused. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2nd Cir. 2000). The critical element of both causes of action is the existence or absence of probable cause. *Reinhart v. City of Schenectady Police Dep't*, 599 F.Supp.2d 323, 328 (N.D.N.Y. 2003). If probable cause exists, the claims of false arrest and malicious prosecution must fail. *Id*. (citing *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003)). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest" whether that action is brought under state law or under § 1983. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *accord Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

In the Second Circuit, where the civil rights plaintiff has been convicted of the offense for which he was arrested, the conviction is conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest. *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[t]he fact that the person against whom criminal proceedings are instituted is guilty of the crime charged against him is a complete defense against liability for malicious prosecution"). "The common-law rule, equally applicable to actions asserting false arrest and

5

malicious prosecution, is that the plaintiff can, under no circumstances, recover if he was convicted of the offense for which he was arrested". *Id*; *see also Bristol v. Dowling*, 125 F.3d 843 (2d Cir. 1997).

In this case, plaintiff was convicted by a jury in Vienna Town Court on May 20, 2010 and was found guilty of resisting arrest and harassment in the second degree. Plaintiff admits that he was convicted and does not allege that his conviction has been rendered invalid. *See Gwathney v. New York City Police Dep't*, 96 F. App'x 57, 58 (2d Cir. 2004); *see also Wingate v. Gives*, 2008 WL 5649089, at *3 (S.D.N.Y. 2008) (citing *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir.1993) (taking judicial notice of plaintiff's criminal conviction)). Consequently, plaintiff's claims are barred due to the unrebutted presumption of probable cause created by plaintiff's conviction. *See Williams*, 368 F. App'x at 263 (the plaintiff's conviction was not disturbed and did not result in a favorable termination).

Plaintiff asserts that he has appealed the conviction and thus, requests that the Court defer decision on the motion pending the resolution of his appeal. The Supreme Court has held that a district court should limit its discretion to stay proceedings to "exceptional circumstances." *Gibson v. City of New York*, 1998 WL 960303, at *3 (E.D.N.Y. 1998) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)). This case does not present such exceptional circumstances. Plaintiff cannot save the malicious prosecution and false arrest claims merely by pleading that he appealed his conviction and that the appeal remains pending. *See Wingate*, 2008 WL 5649089, at *8 (citing *Henry v. Purvis*, 111 F. App'x 622, 624 (2d Cir. 2004) (allegation that an appeal is pending is not sufficient to render a false arrest claim cognizable under Section 1983)). If plaintiff successfully appeals his conviction, plaintiff will have an opportunity to replead these claims. *Dockery v. Tucker*, 73 F.Supp.2d 224, 232 (E.D.N.Y. 1998)

6

("[i]n the event that plaintiff overturns his conviction and reinstitutes his false arrest . . . claims, he need not worry about expiration of the statute of limitation . . . , in false arrest and false imprisonment cases where the person arrested is convicted of the criminal charge and the conviction is later overturned, 'the statute of limitations does not begin running until the date on which the conviction is overturned'"); *see also Woods v. Candela*, 47 F.3d 545 (2d Cir.1995); *see also Kelly v. Lohan*, 2008 WL 4693317, at *3 (E.D.N.Y. 2008); *see also Parker v. City of New York*, 2009 WL 2414426, at *2 (E.D.N.Y. 2009) (the plaintiff's malicious prosecution allegations were not viable and therefore dismissed without prejudice).

Consequently, plaintiff's false arrest and malicious prosecution claims against Lotito are dismissed without prejudice. Plaintiff may seek leave to file an amended complaint if and when plaintiff's criminal conviction is overturned.[5]  *See Gibson*, 1998 WL 960303, at *5.

**IV.    Qualified Immunity**

In the alternative, defendant moves for dismissal of plaintiff's false arrest and malicious prosecution claims on the ground of qualified immunity. Public officials enjoy qualified immunity from liability under § 1983 "so long as their conduct does not violate a clearly established statutory or constitutional right." *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir.1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)). The Second Circuit has held that "[a]

---

[5] In the alternative, defendant argues that plaintiff's malicious prosecution claim is barred by the rule set forth in *Heck v. Humphrey*. "In the context of the malicious-prosecution type of claim, the *Heck* Court ruled that a prisoner's § 1983 claim could not be pursued unless his conviction were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Vallen v. Connelly*, 36 F. App'x 29 (2d Cir. 2002). Here, there is no evidence in the record regarding plaintiff's sentence and further, there is no evidence that plaintiff was or is currently incarcerated. Accordingly, this Court can not conclude that plaintiff is "in custody." *See Plonka v. Brown*, 2 F.App'x 194, (2d Cir. 2001) (if the plaintiff is not in custody, *Heck* does not apply); *see also Miner v. Goord*, 354 F. App'x 489, 491 (2d Cir. 2009) (there is no danger that Section 1983 is being utilized as an "end-run around the requirements for bringing a habeas corpus petition because [the plaintiff] completed his term of imprisonment"). Thus, *Heck* does not preclude plaintiff from advancing claims against defendants in a § 1983 action. *Barmapov v. Barry*, 2011 WL 32371, at *4 (E.D.N.Y. 2011).

right is clearly established if: (1) the law is defined with reasonable clarity; (2) the Supreme Court or the Second Circuit has recognized the right; and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful.'" *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir.2004) (quoting *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir.2003)).

In determining whether qualified immunity applies, the Court may first consider whether "the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808, 818 (2009) (holding that although "the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory"). If the plaintiff establishes that the violation of a constitutional right occurred, the court can examine "whether the right was clearly established ... in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id*.

As defendant's motion to dismiss the malicious prosecution and false arrest claims pursuant to Rule 12(b)(6) is granted, this aspect of his motion is now moot. Defendant did not present any argument regarding qualified immunity in the context of plaintiff's excessive force claim.  However, even assuming defendant advanced such an argument, having carefully considered the present record, the Court is not well-positioned at this early stage to dismiss plaintiff's excessive force claims on the basis of qualified immunity.  The Court finds that "[r]esolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation." *Denton v. McKee*, 332 F.Supp.2d 659, 666 (S.D.N.Y.2004).

**V.**     **Supplemental Jurisdiction over Remaining State Law Claims**

8

Based upon the foregoing analysis, dismissal is limited to plaintiff's malicious prosecution and false arrest claims against Lotito only. As there are additional federal claims still at issue, including excessive force, the Court retains jurisdiction over plaintiff's state law assault and intentional infliction of emotional distress claims.

## CONCLUSION

Accordingly, it is

**ORDERED** that defendant Lotito's motion to dismiss (Dkt. No. 12) plaintiff's malicious prosecution and false arrest claims is **GRANTED** without prejudice consistent with the terms of this Order.

**IT IS SO ORDERED.**

Date:   January 31, 2011

_____
Norman A. Mordue
Chief United States District Court Judge